IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS (TOMMY) SHARP,

    Plaintiff,

vs.                                                                              No. CIV 21-0819 JB/CG

U.S. PUBLIC DEFENDER'S OFFICE;
PUBLIC DEFENDERS and ANGELICA
HALL,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court under rule 41(b) of the Federal Rules of Civil Procedure on: (i) Plaintiff Donald Thomas (Tommy) Sharp's handwritten Civil Complaint, filed August 24, 2021 (Doc. 1)("Complaint"); and (ii) Sharp's Amended Complaint, filed September 7, 2021 (Doc. 3). The Court will dismiss the Complaint and Amended Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and for failure to prosecute this proceeding.

Sharp filed his Complaint on August 24, 2021. See Complaint at 1. Sharp did not pay the filing fee or submit an application to proceed in forma pauperis at the time he filed the Complaint. On August 27, 2021, the Honorable Carmen E. Garza, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Cure Deficiencies, filed August 27, 2021 (Doc. 2)("Cure Order"), directing Sharp to cure deficiencies by either paying the filing fee or submitting an application to proceed under 28 U.S.C. § 1915 within thirty days of the Cure Order's entry, see Cure Order at 2. Magistrate Judge Garza also provided Sharp with an Application to Proceed in District Court Without Prepayment of Fees or

Costs.  See Cure Order at 2.  The Cure Order advises Sharp that, if he does not cure the deficiency within thirty days, the Court could dismiss this proceeding without further notice.  See Cure Order at 2.

On September 7, 2021, Sharp submitted the Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 7, 2021 (Doc. 4)("Application").  The Application is incomplete, however, because it does not include the required six-month inmate account statement.  See Application at 1-5.  Sharp acknowledges the filing fee requirement, but, on September 27, 2021, Sharp filed a Motion to Discharge All Fees and Costs, filed September 27, 2021 (Doc. 8), in this and eighteen other cases, arguing that a public law and the Uniform Commercial Code permit him to discharge his obligation to pay the statutory filing fees.

This case is one of many that Sharp has filed advancing a theory that local, State, and federal governmental officials and agencies are engaged in a racketeering and fraud scheme.  See Complaint at 1; Amended Complaint at 2.  Sharp also contends that, because the United States pays the Defendants, they have a conflict of interest and cannot represent their clients.  See Complaint 1; Amended Complaint at 1.  In this case, Sharp seeks twenty million dollars in damages from each Defendant, the seizure of their assets, and revocation of their law licenses.  See Complaint 3; Amended Complaint at 4.  The Court notes that Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1]  He is presently under filing restrictions that the Honorable William

---

[1] See, including but not limited to, Sharp v. Federal Bureau of Investigation, No. CIV 21-0770 KWR/SCY; Sharp v. U.S. House of Representatives, No. CIV 21-0771 MV/SCY; Sharp v. Lea County Sheriff, No. CIV 21-0772 MV/LF; Sharp v. Gonzales, No. CIV 21-0769 MV/LF; Sharp v. United States, No. CIV 21-0698 JB/GBW; Sharp v. Core Civic, No. CIV 21-0699 KG/GJF; Sharp v. State of New Mexico, No. CIV 21-0700 WJ/SMV; Sharp v. Department of Justice, No. CIV 21-704 MV/JFR; Sharp v. U.S. Supreme Court, No. CIV 21-0705 JCH/KBM; Sharp v. New Mexico Board of Finance, No. CIV 21-0711 JB/GBW; Sharp v. City of Edgewood

Johnson, Chief United States District Judge for the United States District Court for the District of New Mexico, imposed because of his lengthy and abusive litigation history. See <u>Sharp v. State of New Mexico</u>, No. CIV 21-0700 WJ/SMV, Memorandum Opinion and Order, filed October 15, 2021 (Doc. 29).

More than four months have elapsed since entry of Magistrate Judge Garza's Cure Order. Sharp has not paid the $402.00 filing fee or submitted a complete application to proceed under 28 U.S.C. § 1915 in proper form. Instead, Sharp has refused to pay the filing fee in this and other civil cases, asserting incorrectly that he is entitled to have all court fees discharged. See Motion to Discharge All Fees and Costs at 1, filed September 27, 2021 (Doc. 8)("Motion"). As Sharp has been advised, regardless whether his Civil Complaint is treated as a Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, claim or a civil rights case, it is a civil action and, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court must collect the filing fee from Sharp or authorize Sharp to proceed without prepayment of the fee. Sharp has neither paid the $402.00 filing fee nor submitted an application to proceed under § 1915 in proper form. Based on Sharp's failure to comply with § 1915 and his subsequent refusal to pay any Court fees, the Court will deny Sharp's Application.

Moreover, Sharp's construction of § 1915 is contrary to federal law. Section 1915 is designed "to reduce . . . prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." <u>Cosby v. Meadors</u>, 351 F.3d 1324, 1327 (10th Cir. 2003)(quotations omitted). Congress has determined that prisoners must

---

<u>Chief of Police</u>, No. CIV 21-0712 JB/JHR; <u>Sharp v. Mace, Cibola County Sheriff</u>, No. CIV 21-0714 MV/SMV; <u>Sharp v. Biden</u>, No. CIV 21-0719 KWR/CG; <u>Sharp v. El</u>, No. CIV 21-0720 KWR/GBW; <u>Sharp v. U.S. Marshall Service</u>, No. CIV 21-0721 RB/GJF; <u>Sharp v. U.S. Federal Public Defenders Office</u>, No. CIV 21-0819 JB/CG; <u>Sharp, et al., v. Core Civic</u>, No. CIV 21-0820 WJ/JFR.

"bear some marginal cost for each legal activity." Cosby v. Meadors, 351 F.3d at 1327. Accordingly, "[§] 1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." Bruce v. Samuels, 577 U.S. 82, 89-90 (2016)(emphasis added).

Sharp argues he is relieved of his obligation to pay the fees and costs for this proceeding based on a 1933 law rendering gold clauses in contracts unenforceable and authorizing payment of debts in any form of legal United States tender. See Motion at 1; Adams v. Burlington N. R.R., 80 F.3d 1377 (9th Cir. 1996). A federal statute, not a contract, obligates Sharp to pay the fees and costs in this proceeding. See 28 U.S.C. §§ 1914, 1915. Nor does the statute contain any gold clause. Neither the 1933 law nor the U.C.C. authorize discharge of the statutory requirement to pay the fees and costs, nor do they, in any way, relieve Sharp of his obligation to pay the entire $402.00 filing fee for every civil action that he files in this Court. The Court, therefore, denies Sharp's Motion.

The Court may dismiss a proceeding under rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with statutes or rules of civil procedure, or to comply with court orders. See Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). The Court will, therefore, dismiss this civil proceeding pursuant to rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, for failure to comply with the Order, and for failure to prosecute this proceeding. Also pending before the Court are Sharp's Motion to Enter Evidence, filed September 22, 2021 (Doc. 7), Motion to Enter Evidence of Core Civic's and the United State's [sic] Corruption, filed October 6, 2021 (Doc. 9), Motion for Summary Judgment, filed October 29, 2021 (Doc. 10), and Order Granting Summary Judgment, filed January 1, 2022 (Doc. 11), which the Court construes as

another motion for summary judgment. The Court will deny these pending motions as moot in light of this case's dismissal.

**IT IS ORDERED** that: (i) the Plaintiff's Civil Complaint, filed August 21, 2021 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Amended Complaint, filed September 7, 2021 (Doc. 3), is dismissed without prejudice; (iii) the Plaintiff's Application to Proceed in District Court Without Prepayment of Fees, filed September 7, 2021 (Doc. 4), is denied; (iv) the Plaintiff's Motion to Enter Evidence, filed September 22, 2021 (Doc. 7), is denied as moot; (v) the Plaintiff's Motion to Enter Evidence of Core Civic's and the Unite State's [sic] Corruption, filed October 6, 2021 (Doc. 9), is denied as moot; (vi) the Plaintiff's Motion for Summary Judgment, filed October 29, 2021 (Doc. 10), is denied as moot; (vii) the Plaintiff's form Order Granting Summary Judgment, filed January 1, 2022 (Doc. 11), which the Court construes as another motion for summary judgment, is denied as moot.

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE

*Parties:*

Donald Thomas (Tommy) Sharp
Milan, New Mexico

    *Plaintiff Pro Se*